Filed 10/7/14  In re N.A. CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| In re N.A., a Person Coming Under the Juvenile Court Law. | B254885 (Los Angeles County Super. Ct. No. DK01210) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. T.A., Defendant and Appellant. | **ORDER MODIFYING OPINION AND DENYING PETITION FOR REHEARING** **NO CHANGE IN JUDGMENT** |

THE COURT:*

The opinion filed on September 18, 2014, is modified in the following manner:

The following sentence is added after the last sentence of the first full paragraph on page 5:  "None of these circumstances were present in *In re A.G.* (2013) 220 Cal.App.4th 675, and that case therefore does not assist father."

Appellant's petition for rehearing is denied.

There is no change in judgment.

_____

\* BIGELOW, P. J.               FLIER, J.               GRIMES, J.

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| In re N.A., a Person Coming Under the Juvenile Court Law. | B254885 (Los Angeles County Super. Ct. No. DK01210) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>T.A.,<br><br>        Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Teresa Sullivan, Judge.  Affirmed.

Leslie A. Barry, under appointment by the Court of Appeal, for Defendant and Appellant.

John F. Krattli, County Counsel, Dawyn R. Harrison, Assistant County Counsel, and Navid Nakhjavani, Deputy County Counsel, for Plaintiff and Respondent.

This appeal concerns one of mother's three children – N.A., who was three years old at the time the juvenile court took jurisdiction over her and her two siblings. It is undisputed that mother placed the children at substantial risk of harm. N.A.'s father T.A. (father) argues that jurisdiction was unwarranted because he was awarded custody of N.A., and she was safe in his care. We reject father's contention that the juvenile court was required to terminate jurisdiction, and affirm the juvenile court's jurisdictional and dispositional orders.

## FACTS AND PROCEDURE

### 1. Petition

In a single count petition, the Los Angeles County Department of Children and Family Services alleged: "The children [K.S.], [N.A.], and [T.A.'s] mother [S.S.] has mental and emotional problems including diagnoses of Schizoaffective Disorder, Major Depression with suicidal and homicidal ideation, Post Traumatic Stress Disorder, paranoia and visual hallucinations which renders the mother incapable of providing the children with regular care and supervision. On numerous prior occasions, the mother was hospitalized for the evaluation and treatment of the mother's mental and emotional problems. On prior occasions, the mother failed to take the mother's psychotropic medication as prescribed. The mother failed to follow through with psychiatric services for over 5 years. Remedial services failed to resolve the family problems in that the mother continues to fail to follow-through with psychiatric services and mental health counseling. The mother's mental and emotional problems endanger the children's physical health and safety, placing the children at risk of physical harm, damage and danger."

### 2. Detention

The detention report indicated that mother made homicidal and suicidal ideations after giving birth to T.A. Mother also had a history of mental illness. Mother admitted to homicidal hallucinations and paranoid thinking. She had been diagnosed with schizoaffective disorder, depression, and posttraumatic stress disorder.

Mother confirmed she suffered from mental illness and stated that she stopped taking her medication because she was pregnant.

With respect to father, a referral was generated after mother accused him of threatening to kill her. Father denied the allegation, and DCFS found it inconclusive. Father said he found out about mother "being crazy when the police came to the home because she had destroyed the tires on [his] car and would not calm down." Father refused to comply with a voluntary case plan recommended by DCFS.

With mother's approval, N.A. was placed in father's care. But while father was grocery shopping with N.A. mother "snatched" N.A. Father called the sheriff's department.

The court found a prima facie basis for detaining the children. N.A. was released to father. Prior to detention, N.A. lived with mother, and father visited her on the weekends.

### 3. *Jurisdiction*

In its jurisdictional report, DCFS explained that father denied knowing mother suffered from mental illness until he "saw the paperwork" presumably referring to the reports in this case. DCFS wanted to further investigate an allegation by K.S. (N.A.'s sister) that father beat mother and put a gun to her head. Maternal grandmother reported that father was verbally abusive toward mother when mother lived with father.

Mother expressed an interest in reunifying with her children.

No witness testified at the combined jurisdictional and dispositional hearing. Father did not contest jurisdiction but his counsel argued with respect to disposition, claiming that jurisdiction should be terminated because father provided a safe home for N.A. who was no longer at risk. Father's counsel acknowledged that if a family law order included visitation, DCFS "would have to assist with that."

The court rejected father's request to terminate jurisdiction. The court declared the children, including N.A., dependents of the court under Welfare and Institutions

Code section 300. The court ordered N.A. removed from mother's custody and placed in father's custody. The court ordered DCFS to provide father with a written visitation schedule to facilitate N.A.'s visits with her siblings and mother. DCFS was ordered to provide mother reunification services.

## DISCUSSION

Father argues the court was required to terminate jurisdiction over N.A. as soon as it placed N.A. in his custody. We disagree.

### 1. *Jurisdiction*

Father does not dispute that mother placed N.A. at risk, warranting the jurisdiction of the juvenile court, but argues that because N.A. was safe in his custody the juvenile court should not have taken jurisdiction over her. Father relies on *In re Phoenix B.* (1990) 218 Cal.App.3d 787 (*Phoenix B.*) and *In re A.J.* (2013) 214 Cal.App.4th 525. We conclude the juvenile court properly took jurisdiction over N.A., even though she was released to father's custody.

*Phoenix B.* involved the review of a juvenile court's decision to refrain from asserting jurisdiction after the department of social services concluded there was no basis for the detention of the child Phoenix. (*Phoenix B., supra*, 218 Cal.App.3d at p. 792.) The mother was involuntarily hospitalized and Phoenix had been released to her father's care. (*Id*. at p. 791.) The court explained that when "the child's welfare warrants dependency and the required jurisdictional findings can be sustained, courts will go forward with the proceedings even where there is an 'innocent' parent." (*Id*. at p. 793.) However, in *Phoenix B.*, the department decided to dismiss the dependency proceedings because father cared for Phoenix and therefore "there was no basis for assuming dependency jurisdiction." (*Ibid*.)

This case is distinguishable from *Phoenix B.* because DCFS did not dismiss the dependency petition and review is not from an order declining to assume jurisdiction. The procedural posture is significant because here father did *not* challenge the

assumption of jurisdiction. To the contrary, his counsel acknowledged that father was "not involved in the jurisdiction." Thus, father's reliance on *Phoenix B.* is misplaced.

Even if father had challenged jurisdiction in the trial court, we would conclude jurisdiction was warranted. At that time there were allegations that K.S. accused father of putting a gun to mother's head.[1] Our record does not show that this allegation was substantiated, but its serious nature warranted further investigation to ensure that N.A. was not at risk of harm. Additionally, it is significant that father refused to participate in voluntary maintenance services because such refusal impeded DCFS's opportunity to ensure N.A.'s safety in father's custody.

*In re A.J.* is similarly unhelpful to father. In that case a mother challenged the juvenile court's decision to terminate jurisdiction after placing the child A.J. with her father. (*In re A.J., supra*, 214 Cal.App.4th at p. 527.) At a contested disposition hearing, the department recommended that A.J. be placed with her father and that the juvenile court terminate jurisdiction. (*Id*. at pp. 531-532.) A.J. told the social worker that she wished to live with her father. (*Id*. at p. 533.) The juvenile court utilized its inherent authority to order A.J. placed with her father. (*Id*. at p. 537.) It did not immediately terminate jurisdiction but provided the parties two months "to ensure that all satisfactory arrangements for A.J.'s care and education in Hawaii had been successfully put in place before finalizing its order." (*Id*. at p. 540.) The appellate court affirmed the juvenile court's order terminating jurisdiction. (*Id*. at p. 543.)

Although *In re A.J.* suggests that a juvenile court may terminate jurisdiction when a child is placed with a noncustodial parent, it does not hold that termination was required. Here, father fails to show that the court's discretionary decision to retain jurisdiction requires reversal. Moreover, the fact that father did not contest jurisdiction in the juvenile court further supports the conclusion that reversal of jurisdiction on appeal is unwarranted.

---

[1] K.S could have been reporting allegations made by mother, which father denied. Father also denied owning a gun.

## 2. Disposition

Father's failure to contest jurisdiction is understandable in light of his counsel's argument at the dispositional phase that custody should be awarded to father and that the court should terminate jurisdiction as to N.A. only.

As father acknowledges, Welfare and Institutions Code section 361.2 governs the retention of jurisdiction when, as here, the court removes a child from a custodial parent and places the child with a noncustodial parent. The juvenile court has three options: (1) it can terminate its jurisdiction, (2) order the noncustodial parent assume custody subject to the jurisdiction of the juvenile court and order a home visit within three months, or (3) order the parent assume custody subject to the supervision of the juvenile court. (§ 361.2, subd. (b).) Under the last scenario, the juvenile court "may order that reunification services be provided to the parent or guardian from whom the child is being removed, or the court may order that services be provided solely to the parent who is assuming physical custody in order to allow that parent to retain later custody without court supervision, or that services be provided to both parents . . . ." (§ 361.2, subd. (b)(3).)

In making its disposition and rejecting father's request to terminate jurisdiction, the court expressed concern that father was unaware mother had any mental health problems. The court was concerned father would not be able to protect N.A. when mother is unstable. The court wanted to ensure that mother had adequate visitation and that N.A. had visits with her siblings. Father fails to demonstrate the court acted outside its discretion in concluding continued jurisdiction was warranted. Although father correctly points out that other appellate courts have affirmed the termination of jurisdiction when a noncustodial parent is awarded custody, father fails to show that result was compelled in this case.[2]

---

[2]     In *In re J.S.* (2011) 196 Cal.App.4th 1069, 1071, the court affirmed the juvenile court's exercise of discretion to terminate jurisdiction after a child was placed with her noncustodial parent who did "'everything . . . asked'" of him "'and more'" including

6

## DISPOSITION

The juvenile court orders are affirmed.


FLIER, J.


WE CONCUR:


BIGELOW, P. J.


GRIMES, J.

---

voluntary services.  (*Id*. at p. 1075.)  In *In re Janee W.* (2006) 140 Cal.App.4th 1444, 1447, we affirmed an order terminating jurisdiction and awarding custody to the children's father.